[No. 30315. Department Two. April 1, 1948.]

MAYFLOWER INTER-INSURANCE EXCHANGE, *Appellant,* v.
WILLIAM A. SULLIVAN, *as State Insurance
Commissioner, Respondent.*[1]

*Brodie & Brodie* and *Ralph B. Potts,* for appellant.

*The Attorney General, Dan Sullivan* and *Jess N. Rosenberg, Assistants,* for respondent.

MALLERY, C. J.—The Mayflower Inter-Insurance Exchange, a reciprocal insurance company, qualified to do business in this state and received from the state insurance

[1] Reported in 191 P. (2d) 879.

commissioner its original certificate of authority to make insurance in (class 13½) motor vehicle and aircraft insurance and (class 2) inland marine.

In December, 1946, it requested the insurance commissioner to enlarge its certificate of authority so as to include the making of all types of insurance other than life, accident, and health. Upon its request being denied, it brought this action in mandamus to require the commissioner to issue such a certificate of authority. From a judgment of dismissal, it appeals to this court.

Appellant contends that under the provisions of Rem. Rev. Stat., § 7131, since it has surplus funds on deposit with the insurance commissioner in the amount of one hundred fifty thousand dollars, it has a right to make all forms of insurance other than life, accident, and health and that the insurance commissioner should be required to enlarge its certificate of authority accordingly. Assuming without deciding that the language of Rem. Rev. Stat., § 7131 [P.P.C. § 668-1], supported the contention of the appellant as of the time this action was originally brought, we must however take into account that Rem. Rev. Stat., § 7131, together with all of the other then existing sections of Remington Revised Statutes pertaining to insurance, have been repealed, and a new and complete insurance code has been enacted and gone into effect. This was accomplished when the legislature enacted chapter 79, p. 189, Session Laws of 1947 (Rem. Supp. 1947, § 45.01.01 *et seq.*).

The question here is whether the appellant acquired some right under the previous law which was saved by the terms of the present law so that they are entitled to an enlarged certificate of authority as if they were still operating under the old law.

Certificates of authority run for a year and expire annually on the thirty-first of March. With regard to renewals, the repealed law, Rem. Rev. Stat., § 7038 [P.P.C. § 650-11], provided in part as follows:

" . . . All certificates of authority issued to insurance companies in this state shall expire on the thirty-first day of March next succeeding date of issue and may be renewed

on approval of the commissioner and payment of the annual fee as provided in section 7049."

The present law is somewhat different. Section .05.12 of chapter 79, p. 211, of the Session Laws of 1947, provides as follows:

"All certificates of authority shall expire on the thirty-first day of March next succeeding date of issue or renewal, and if the *insurer qualifies therefor* its certificate shall be renewed annually for a period of not more than one (1) year." (Italics ours.)

This latter section shows that the legislature intended all insurance companies to meet the requirements of existing law in order to secure a renewal of their certificate of authority, excepting in so far as existing rights may have been preserved elsewhere in the insurance code.

It may be granted that certain so-called "grandfather rights" of existing insurance companies were preserved in the new act. The pertinent section of chapter 79 of the Session Laws of 1947, in this regard, is § .10.07, subd. 3, which reads as follows:

"A domestic reciprocal insurer heretofore formed shall maintain on deposit with the Commissioner surplus funds of not less than the sum of one hundred thousand dollars ($100,000) and shall have additional surplus in the amount of any additional surplus funds required by this code for authority to transact kinds of insurance transacted by it in addition to that authorized by its *original certificate* of authority. Such additional surplus funds need not be deposited with the commissioner." (Italics ours.)

Thus, it will be noted that an insurance company which qualified under the old law can continue to have its *original* certificate of authority renewed without additional qualifications under the new insurance code, but we call specific attention to the fact that the rights thus saved must have been included in its *original* certificate of authority. As to additional authority, old companies must meet the same requirements as new companies. The pivotal fact. then, in the instant case, is that the appellant's "grandfather rights" are limited to what was covered in its original certificate of authority.

■ Appellant seeks to invoke the provisions of § .01.13 of chapter 79 of the Laws of 1947, which provides:

"*Existing Actions, Violations*: No action or proceeding commenced, and no violation of law existing, under any act herein repealed is affected by the repeal, but all procedure hereafter taken in reference thereto shall conform to this code as far as possible."

We quote appellant's contention pertinent thereto:

"It will be noted that this is a saving clause and since this action of the appellant was pending at the time of the passage of the 1947 law, the proceeding cannot be moot."

The period to be covered by the renewed and enlarged certificate of authority which appellant asks us to require the commissioner of insurance to issue, has elapsed. This, however, has little significance, and even if we required the insurance commissioner to issue a certificate of authority as requested, we cannot make it an *original* certificate of authority, and upon the time for renewal, appellant would be subject to the same rules as all other companies, and its "grandfather rights" would be limited to its original certificate of authority. Whatever validity there may be in appellant's contention that its action survives, we will not do a futile thing by requiring the insurance commissioner to enlarge its certificate of authority where, because the period to be covered has expired and its rights under its original certificate of authority are not involved, it would avail appellant nothing in preserving pre-existing rights.

Appellant concedes that it has not met the requirements of the present law to write all types of insurance other than life, health, and accident. Accordingly, the judgment is affirmed.

BEALS, STEINERT, JEFFERS, and HILL, JJ., concur.